UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MICHAEL MCGEE, AND THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* MICHAEL MCGEE,<br><br>Plaintiffs,<br><br>v.<br><br>IBM CORPORATION, *et al.*<br><br>Defendants. | No. 1:11-cv-03482<br><br>Judge Durkin |

## RELATOR'S SHARE AGREEMENT
## WITH THE UNITED STATES OF AMERICA

This Relator's Share Agreement is entered by and between the United States of America and relator Michael McGee (Relator), through their respective counsel, and as preamble to this agreement the United States and Relator state:

**Preamble**

WHEREAS, the above-captioned complaint (Complaint) has been filed by the Relator on behalf of the United States pursuant to 31 U.S.C. § 3730;

WHEREAS, IBM Corporation (IBM) and Relator have entered into a Settlement Agreement (IBM Settlement Agreement) resolving, among other matters, certain allegations in the Complaint;

WHEREAS, under the terms of the IBM Settlement Agreement, IBM has agreed to pay $16,496,152.00 to the United States;

WHEREAS, the United States and the Relator mutually desire to make a full, complete,

and final settlement of Relator's share of the IBM Settlement proceeds pursuant to 31 U.S.C. § 3730(d)(2).

ACCORDINGLY, in reliance upon the representations contained herein and in consideration of the mutual promises, covenants and obligations in this Relator's Share Agreement and the resolution of the claims set forth below, and for good and valuable consideration, receipt of which is by each acknowledged, the United States and Relator agree as follows:

### Terms and Conditions

1. The United States agrees that the Relator in this case shall be awarded $4,618,922.56 of the $16,496,152.00 settlement amount agreed upon by Relator and IBM. IBM will make this payment to Relator pursuant to paragraph 2 of the IBM Settlement Agreement. Relator's right to this payment is expressly conditioned on the receipt by the United States of the payment due to the United States pursuant to paragraph 2 of the IBM Settlement Agreement.

2. Relator agrees that the IBM Settlement Agreement is fair, adequate, and reasonable under all circumstances, and will not challenge it pursuant to 31 U.S.C. §3730(c)(2)(B), and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B).

3. Conditioned upon Relator's receipt of the payment described in Paragraph 1, Relator and his heirs, successors, attorneys, agents, and assigns fully and finally releases, waives, and forever discharges the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730 from any claims to a share of the proceeds of the IBM Settlement Agreement and/or the Complaint.

4. Conditioned upon the United States' receipt of the funds described in the third

Whereas clause above, the United States (on behalf of itself, its officers, agents, agencies, and departments) fully and finally releases, waives and forever discharges the Relator, his heirs, successors, attorneys, agents and assigns from any civil, regulatory, and/or administrative claim, action, suit, or proceeding (including attorney fees, penalties, damages, costs, interest, and expenses of every kind and however denominated) which the United States has, may have, has asserted, or could assert in the future under any source of law related to the Covered Conduct, as defined in the IBM Settlement Agreement, Project Shield, the Civil Action or the prosecution thereof.

5. Specifically excluded and reserved from those claims released under Paragraph 3 above is any dispute, claim, or defense which may arise between the Relator and IBM regarding attorneys' fees or claims of the Relator under 31 U.S.C. § 3730(d)(2).

6. The United States and Relator agree that, if the IBM Settlement Agreement is held by the court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this Relator's Share Agreement is null and void.

7. This Relator's Share Agreement, together with all of the obligations and terms hereof, shall inure to the benefit of and shall bind assigns, successors-in-interest, or transferees of the United States and Relator.

8. Each of the signatories to this agreement represents that he or she has the full power and authority to enter into this Relator's Share Agreement.

9. This writing, including the Preamble, constitutes the entire agreement of the United States and Relator with respect to the subject matter of this Relator's Share Agreement and may not be modified, amended, or terminated except by a written agreement signed by the United States and Relator specifically referring to this agreement.

10. This Relator's Share Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

11. This Relator's Share Agreement is effective on the date of signature of the last signatory to the Agreement.

12. All parties consent to the United States' disclosure of this Relator's Share Agreement, and information about this Agreement, to the public.

**RELATOR**

Dated: \_\_\_\_6/18\_\_\_\_, 2018    By: _____
                                       Michael McGee

Dated: \_\_\_\_6/18\_\_\_\_, 2018    By: _____
                                       David C. Gustman
                                       FREEBORN & PETERS LLP
                                       311 South Wacker Drive
                                       Suite 3000
                                       Chicago, Illinois 60606
                                       (312) 360-6000
                                       dgustman@freeborn.com

**THE UNITED STATES OF AMERICA**

Dated: __6/19/__, 2018   By: _____
Linda A. Wawzenski
Assistant United States Attorney
and Deputy Chief of the Civil Division
United States Attorney's Office
219 South Dearborn Street
5th Floor
Chicago, Illinois 60604
(312) 886-1325
Linda.wawzenski@usdoj.gov